## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE GEO GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV–23-1014-G |
| | ) |
| HINTON ECONOMIC DEVELOPMENT AUTHORITY, a Public Trust, and THE TOWN OF HINTON, OKLAHOMA, | ) ) ) ) |
| | ) |
| Defendants. | ) |

### ANSWER OF PLAINTIFF, THE GEO GROUP, INC. TO DEFENDANTS' COUNTERCLAIM

COMES NOW the Plaintiff, The GEO GROUP, INC. and for its Answer to the Counterclaim asserted by the Defendants, denies each and every factual allegation in the Counterclaim except as expressly admitted herein. For further answer to the Counterclaim, the Plaintiff states as follows:

1. Paragraph 1 of the Counterclaim is denied.

2. The Plaintiff admits that HEDA is a Public Trust.

3. The Plaintiff is without sufficient information to either admit or deny Paragraph 3 of the Counterclaim.

4. Paragraph 4 of the Counterclaim is denied.

5. Paragraph 5 of the Counterclaim is admitted.

6. Paragraph 6 of the Counterclaim is admitted.

7. The Plaintiff admits that HEDA is the owner of the Great Plains Correctional Facility.

8. Paragraph 8 of the Counterclaim is admitted.

9. Paragraph 9 of the Counterclaim is admitted.

10. Paragraph 10 of the Counterclaim is admitted.

11. Paragraph 11 of the Counterclaim is admitted.

12. Paragraph 12 of the Counterclaim is admitted.

13. The Plaintiff admits only that Paragraph 13 of the Counterclaim is a partial quotation of §3.4 of the Intergovernmental and Private Prison Contractor Agreement ("IPPCA").

14. The Plaintiff admits only that Paragraph 14 of the Counterclaim is a partial quotation of the language of §3.6 of the IPPCA.

15. The Plaintiff admits only that Paragraph 15 of the Counterclaim is an incomplete quotation of the language from the IPPCA.

16. The Plaintiff admits only that Paragraph 16 of the Counterclaim is an incomplete quotation of the IPPCA.

17. The Plaintiff admits only that §3.10(a) states that Cornell shall employ a fully trained and uniformly dressed staff to provide 24-hour per day, 7-days per week correctional services for the facility. The Plaintiff denies that this provision has any application to the Plaintiff's sublease of the facility to the Oklahoma Department of Corrections.

18. The Plaintiff admits that Paragraph 18 of the Counterclaim is a partial quotation of §3.2 of the IPPCA. Plaintiff denies that this provision of the IPPCA has any application to the Plaintiff's sublease of the facility to the Oklahoma Department of Corrections.

19. The Plaintiff admits only that Paragraph 19 of the Counterclaim is a partial quotation of §4.1 of the IPPCA. Otherwise, the Plaintiff denies that it has any monetary obligations to the Counterclaimants, and denies that the IPPCA creates any monetary obligations of the Plaintiff to the Defendants under the sublease agreement between the Plaintiff and the Oklahoma Department of Corrections.

20. The Plaintiff only admits the specific definition of an "Inmate Contract" as set forth in Article 1 of the IPPCA. Otherwise, the Plaintiff denies that any "Inmate Contract" exists under the sublease of the facility by the Plaintiff to the Oklahoma Department of Corrections.

21. The Plaintiff admits only that there is a defined Base Management Fee in §4.1 of the IPPCA. Otherwise, the Plaintiff denies that any Inmate Contract" exists and denies that it owes the Defendants/Counterclaimants any Base Management Fee.

22. The Plaintiff admits the existence of the provisions of §4.1 and §4.3 of the IPPCA. Otherwise, the Plaintiff denies that the Plaintiff's sublease of the facility to the Oklahoma Department of Corrections creates any monetary obligations to the Defendants under the terms of the IPPCA.

23. Paragraph 23 of the Counterclaim is admitted.

24. Paragraph 24 of the Counterclaim is admitted.

25. Paragraph 25 of the Counterclaim is admitted.

26. Paragraph 26 of the Counterclaim is admitted.

27. The Plaintiff admits only that the rights and obligations of the Oklahoma Department of Corrections are defined by the terms of the sublease.

28. The Plaintiff admits that HEDA did not participate in negotiations of the sublease or consent to the sublease. However, the Plaintiff had the right to sublease the Facility without restriction and without obligation to receive any prior consent of the Defendants. The Plaintiff denies that it had any obligation under the law to allow HEDA to participate in any negotiations of the sublease of the facility to the Oklahoma Department of Corrections.

29. The Plaintiff admits that the sublease makes no provision for HEDA to receive an inmate per diem and separate rental payment. The Plaintiff denies that the sublease of the facility to the Oklahoma Department of Corrections created any obligation of the Plaintiff to pay to HEDA any inmate per diem or additional rent. The sole obligation of the Plaintiff is to pay to HEDA the rent which the Plaintiff is obligated to pay under the terms of the Lease Agreement, dated December 31, 1999.

30. The Plaintiff admits that HEDA has made demand upon the Plaintiff for a monthly payment as alleged in Paragraph 30 of the Counterclaim. The Plaintiff denies that it has any obligation to make any such payments to the Defendants.

31. Paragraph 31 of the Counterclaim is denied.

32. The Plaintiff admits only the specific language of the Trust Indenture. Otherwise, the Plaintiff denies that the Trust Indenture creates any obligation on the part of the Plaintiff to make any monetary payments to the Defendants over and above the rental payment that is owed to HEDA under the terms of the Lease Agreement, dated December 31, 1999. The obligations to the Plaintiff are limited solely to payment of the rent specified in the Lease Agreement, dated December 31, 1999.

33. Paragraph 33 of the Counterclaim is denied.

## AFFIRMATIVE DEFENSES

1. The Defendants have failed to state a claim upon which relief may be granted under the law.

2. Any claims that the Lease and/or the Prison Contract are void (as those terms are defined in the Defendants' Counterclaim) are barred by the applicable statute of limitations and the Parol Evidence Rule.

3. The Lease and/or the Prison Contract (as those terms are defined in the Defendants' Counterclaim) serve a public purpose.

4. Any obligation of the Plaintiff to make any payments to the Defendants under Article IV of the IPPCA is subject to conditions precedent that have not occurred.

5. The Sublease with the Oklahoma Department of Corrections is not an Inmate Contract which would trigger any obligation of the Plaintiff to make any payments to the Defendants under the terms of the IPPCA.

6. The Correctional Facility continues to be used for a "public use."

7. The Plaintiff has satisfied all of its obligations in law or in equity owed to any of the Defendants.

Wherefore, in consideration of the foregoing, the Plaintiff prays for judgment in its favor on all claims asserted in the Defendants' Counterclaim. The Plaintiff further prays for an award of its costs and attorneys' fees incurred in this action, including those costs and attorneys' fees incurred in defending against the Counterclaim. The Plaintiff also requests all other relief to which the Plaintiff may be entitled in law or in equity.

Respectfully submitted,

s/ Randall J. Wood
Randall J. Wood, OBA #10531
PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, L.L.P.
1109 N. Francis Avenue
Oklahoma City, OK 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
rwood@piercecouch.com
***Attorneys for Plaintiff, The GEO Group, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of December, 2023, I electronically transmitted the attached document to the Clerk of Court via the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all parties that have filed an Entry of Appearance in this matter.

                                                s/ Randall J. Wood
                                                Randall J. Wood